UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY NEAL NAME,

    Plaintiff,

v.                              CAUSE NO.: 3:18-CV-231-PPS-MGG

JOHN DOE,

    Defendant.

## OPINION AND ORDER

Gregory Neal Name, a prisoner without a lawyer, filed an amended complaint in this closed case. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Because this case must be reopened for Name to proceed on the amended complaint, I construe the amended complaint as also containing a request to reopen the case. *See* Fed. R. Civ. P. 59(e), 60(b).

This amended complaint is the third complaint filed in this case. In the initial complaint, Name alleged that a John Doe physician's examination resulted in an

extended term in segregation. ECF 1. It appeared that Name was attempting to assert an Eighth Amendment claim of deliberate indifference to serious medical needs, but the allegations were vague. I thus concluded that Name had not provided enough detail to state a valid claim, but I invited him to amend his complaint. ECF 8. However, the court did not receive a timely amended complaint from Name, and this case was dismissed and closed. ECF 9. Name then filed an amended complaint and provided a reasonable explanation for its untimeliness. ECF 11. I reviewed the amended complaint, but I concluded that it too lacked sufficient detail. ECF 12. Nevertheless, I gave Name one last opportunity to amend his complaint to state a valid claim.

I now find that Name's third complaint suffers from the same lack of detail as his other complaints. Name's pleadings convey that he does not believe he should be in segregation and that he believes that the John Doe physician who performed a medical examination is responsible. However, this is simply not enough detail to state a claim of deliberate indifference to serious medical needs or any other claim. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The allegations about the John Doe physician provide only a vague description of his actions and offer no insight into why Name believes these actions were inappropriate. Further, Name has submitted no exhibits to provide context to his claims. Because the amended complaint does not state a valid claim, this case will remain closed.

For these reasons, the court DENIES the request to reopen the case (ECF 14).

SO ORDERED on June 22, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT